# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7731 | **DATE** | 6/30/2011 |
| **CASE TITLE** | Lawrence John Hackett, *et al.* vs. BMW of North American, LLC, a Delaware Limited Liability Company | | |

**DOCKET ENTRY TEXT**

BMW's Motion Pursuant to Rule 12(b)(1) is denied. BMW's Motion Pursuant to Rule 12(b)(6) is Denied with respect to Count One (breach of warranty), Granted without prejudice with respect to Count Two (Breach of Implied Warranty), Granted without prejudice with respect to Count Three (Unjust Enrichment), and Granted with prejudice with respect to Count Four (Illinois Consumer Fraud Act). Defendant's Motion to Strike the Class Allegations is Denied. Status hearing set for 7/20/2011 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The Plaintiff has brought a putative class action lawsuit against BMW alleging that he had purchased a BMW automobile that was equipped with a "N54 3.0 liter twin turbo-inline 6 engine." According to the Complaint, Plaintiff's vehicle, as well as the vehicles of all other purchasers of BMWs of the type purchased by Plaintiff, was equipped with a defective high pressure fuel pump (the "HPFP"). When the HPFP fails, the vehicle goes into a "limp mode," which is described as a highly reduced power mode. BMW's response was to either change the software in the vehicle or replace the fuel pump with another pursuant to a product recall. BMW contends that as a result of the recall repair, neither the Plaintiff's vehicle nor the other similar vehicles any longer go into "limp mode." However, Plaintiff alleges in his Complaint that the HPFP "continues to not accelerate as it did immediately after purchase" despite BMW'S repair efforts. Based on this alleged injury Plaintiff brings three causes of action: breach of warranty, breach of implied warranty of merchantability, common law unjust enrichment, and violation of the Illinois Consumer Fraud Act. BMW has moved to dismiss the Complaint alleging that Plaintiff lacks standing (Rule 12(b)(1), has failed to state a claim (Rule 12(b)(6), and to strike the class allegations.

I. <u>The Rule 12(b) (1) Motion</u>

Since the question of standing raises jurisdictional questions, the Court will deal with this Motion first. According to BMW, the Plaintiff has no standing because the HPFP in his vehicle has not failed and the only injury he claims is an alleged economic injury from diminished value as a result he overpaid for the car. Plaintiff's argument is that the reputation of the car has been injured so that the market value of the car is not what was promised. He also alleges that the HPFP in his car did not work properly, and, although BMW attempted to repair the HPFP on several occasions. He further alleges that "[t]he vehicle continues to not accelerate or perform as it did immediately after purchase." This describes an injury. Thus it appears that Plaintiff does have standing to bring a case in federal court. *In re Toyota unintended Acceleration Marketing Sales Practices*, 754 F.Supp.2d 1145 (D.D. Cal. 2010).

# STATEMENT

## II. Breach of Warranty Count

Plaintiff's Complaint alleges that despite the express warranty given by BMW, it has refused or has been unable to correct the flaw in the HPFP. This is sufficient to state a cause of action for breach of warranty. BMW alleges that it fixed the HPFP pursuant to its obligation under the warranty but this is a Rule 12(b)(6) motion, not one for summary judgment. BMW always describes Plaintiff's Complaint as one for loss of value due to "unmanifested defects," as do the cases it cites. However, the Complaint speaks of a defect, *i.e.*, a HPFP that causes the vehicle to go into "limp mode." This is certainly a "manifested defect." BMW argues that an owner must give the Defendant the opportunity to repair the product under warranty. However, the Complaint clearly alleges that BMW had at least three chances to repair the vehicle but was unable to do so successfully. The Motion to Dismiss Count One is denied.

## III. Breach of Implied Warranty Count

Count Two alleges a claim for breach of implied warranty. BMW moves to dismiss on the ground of lack of privity between Plaintiff and BMW. The Plaintiff admits that privity is required under Illinois law, but claims that the dealers were agents of BMW and a purchaser can establish privity with a manufacturer through a dealer-agent. *Connick F. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 498 (Ill. 1996). However, as stated in *Connick,* a plaintiff must allege more than the dealer was an authorized dealer and must include facts that, if proved, could establish the existence of an agency relationship. *Id.* Plaintiff's Complaint mirrors the allegations in *Connick's* complaint and is therefore insufficient. Count Two is dismissed without prejudice.

## IV. Unjust Enrichment

BMW moves to dismiss the unjust enrichment count because it is only available where there is no adequate remedy at law such as breach of contract. *Guinn v. Hoskins Chevrolet*, 361 Ill App. 3d 575, 604 (1st Dist. 2005). Plaintiff claims that he is merely pleading in the alternative as allowed in *Guinn*. However, as *Guinn* points out, a plaintiff must clearly plead in the alternative and not allege the existence of a contract in the unjust enrichment count as Plaintiff has done here. It is clear from the Complaint that the factual allegations section applies to all counts. Accordingly, Count Three is dismissed without prejudice.

## V. Illinois Consumer Fraud Actm ("ICFA")

BMW claims that Plaintiff lacks standing to bring a claim pursuant to the ICFA because, according to the Complaint, he purchased the BMW in Missouri from a Missouri BMW dealer. Thus, it would appear that if there was fraudulent conduct it did not occur in Illinois but in Missouri. Plaintiff speaks of having been lured into buying the BMW by the deceptive advertising which omitted the fact that the HPFP didn't work properly so that he and the class members overpaid for their vehicles. However, if, as Plaintiff claims, he was induced to purchase the vehicle based on the false advertising, any deception occurred at the time of the transaction. Therefore there can be no ICFA claim. *Avery v. State Farm Mutual Insurance Co.*, 835 N.E. 801, 854 (Ill. 2005). Plaintiff claims that he can state a ICFA cause of action because his claims occurred primarily and substantially in Illinois. He alleges that he is an Illinois resident, he drove the vehicle in Illinois, and experienced the HPFP failure in Illinois. However, Plaintiff fails to show that the fraud occurred in Illinois. He claims that he was induced to purchase the vehicle because of the advertisements and claims about the wonderful characteristics of the vehicle. Thus, if these inducements amounted to fraud, the fraud occurred in Missouri. Thus, Plaintiff has no standing to pursue a claim under the ICFA. Therefore, Count Four is dismissed with prejudice.

## VI. Motion to Strike Class Allegations

BMW also has moved to strike the class allegations in the Complaint. Plaintiff says that such a motion is premature and not favored and it is more appropriate to handle this issue in a class certification motion after proper discovery has occurred. *Boatwright v. Walgreens Co.*, No. 10 C 3902, 2011 U.S. Dist. LEXIS 22102

| STATEMENT |
|---|

(N.D. Ill. March 34, 2011). The Court agrees. The basis for BMW's motion is that Plaintiff has no claim. However, Plaintiff has made it past the pleading stage. Whether or not the Plaintiff can meet the requirements of Rule 23 remains to be seen. The Motion to Strike the Class Allegations is denied.

## VII. CONCLUSION

BMW's motion pursuant to 12(b)(1) is denied. BMW's motion pursuant to 12(b)(6) is denied with respect to Count One (breach of warranty), granted without prejudice with respect to Count Two (Breach of Implied Warranty), granted without prejudice with respect to Count Three (Unjust Enrichment, and granted with prejudice with respect to Count Four (Illinois Consumer Fraud Act). Defendant's Motion to Strike the Class Allegations is denied.